(580 P.2d 1375)
No. 49,407

PEOPLES STATE BANK OF CHERRYVALE, KANSAS, *Appellee,* v. GLEN CLAYTON and MRS. CLAYTON, his Mother, *Appellant.*

Opinion filed July 14, 1978.

*Robert L. Eastman,* of Becker, Hildreth, Eastman and Gossard, of Coffeyville, for appellant.

*David L. Thompson,* of Fitzpatrick & Thompson, of Independence, for appellee.

Before MEYER, P.J., ABBOTT and SWINEHART, JJ.

MEYER, J.: This is a question of secured transactions, determined by the Uniform Commercial Code, K.S.A. 84-9-101, *et seq.*

The defendants, appellants herein, entered into an oral lease agreement (for an unnamed term) with a tenant to establish a dairy operation on their farm. The tenant, with defendants' knowledge, then borrowed $6,500 from the plaintiff, Peoples State Bank, to purchase dairy equipment. The plaintiff filed a financing statement, describing the collateral as farm equipment, with the register of deeds of Montgomery County. Plaintiff did not make a "fixtures filing." Defendants terminated the tenancy after a dispute with the tenant and prevented his removing the dairy equipment from the barn.

Defendants claim that (1) they have expended $6,500 and much labor in readying their premises for the dairy operation; and (2) by the manner in which the dairy apparatus is attached to their land, it has become a fixture. Plaintiff asserts that the equipment is readily removable without injury to the real estate and that the tenant never meant to "give" the machinery to defendants. The trial court found the equipment to be farm equipment, subject to a lien properly perfected by plaintiff. The court used pre-UCC case law in conjunction with K.S.A. 1976 Supp. 84-9-313 to determine if the machinery constituted a fixture.

The defendants raise two issues:

1. Was the secured collateral "equipment" or "fixtures?"

2. Should the installer of the dairy machinery have been allowed to give his opinion as to whether the milking apparatus would be considered "part of the barn," once installed?

The proper place to file a financing statement, in order to perfect one's security interest, is provided by K.S.A. 1976 Supp. 84-9-401(1):

(a) Farming equipment — in the office of the register of deeds in the county of the debtor's residence, or if the debtor is not a resident of Kansas, in the office of the register of deeds where the goods are kept.

(b) Fixtures — in the office where a mortgage on the real estate would be recorded.

K.S.A. 1976 Supp. 84-9-402(5) requires that a fixture filing must also include a legal description of the real estate and the name of the record owner of the real estate. The register of deeds must also file a copy of the financing statement with the real estate mortgage records (K.S.A. 1976 Supp. 84-9-403[7]).

The most widely-used judicial test to define "fixtures" is three-pronged:

(1) how firmly the goods are attached, or ease of removal and injury to the real estate if removed (attachment or annexation);

(2) the relationship between the parties involved (intent); and

(3) how operation of the goods is related to the use of the realty (adaptability).

35 Am. Jur. 2d, Fixtures § 4, pp. 702-3.

K.S.A. 1976 Supp. 84-9-313(1)(a) defines fixtures as follows:

"[G]oods are 'fixtures' when affixing them to real estate so associates them with the real estate that, in the absence of any agreement or understanding with his vendor as to the goods, a purchaser of the real estate with knowledge of interests of others of record, or in possession, would reasonably consider the goods to have been purchased as part of the real estate."

Comment 2 of the Official UCC Comment explains the definition as:

" 'Fixture' is defined to include any goods which become so related to particular real estate that an interest in them arises under real estate law and therefore, goods integrally incorporated into the real estate are clearly fixtures. . . ."

The common-law test is not inconsistent with the UCC definition, although K.S.A. 1976 Supp. 84-9-313(1)(a) does add a fourth dimension to the test: would the average buyer of the real estate reasonably expect the goods to be sold as part of the real estate? If the average buyer's *reasonable* expectation differs from the an-

nexing party's original intent, the buyer's expectation must control, under the code. This does not preclude examination of the prior case law.

The person who installed the equipment testified at trial that the equipment was readily portable, but if he had financed the machinery, he would have required a disclaimer from the landowner. The fact that he was not allowed to answer whether a reasonable buyer would consider the equipment to be a part of the barn was not prejudicial error.

The trial court applied the traditional three-pronged "fixture" test and found: (1) that the equipment was portable (and in fact had been moved to defendant's farm from another) and could be removed without substantial damage to the realty; (2) the barn would still be a barn; and (3) because there was no definitive agreement as to the terms of the lease or as to who would hold a superior interest in the collateral, the tenant could have had no intention of making the equipment a permanent part of defendant's freehold. The court concluded that the machinery was not a fixture.

In *George v. Commercial Credit Corp.*, 440 F.2d 551 (7th Cir. 1971), in determining a UCC § 9-313 priorities question, the court applied the traditional annexation/application or adaptation/intent-of-the-parties test. The court found that the collateral in that instance was what the person who annexed it to the real estate intended—a fixture.

In determining whether the dairy equipment was equipment or fixtures, it was not improper for the trial court to apply the common-law test of fixtures, in conjunction with K.S.A. 1976 Supp. 84-9-313. The statute does not conflict with the common law.

The record contains substantial competent evidence to support the trial court's finding; that finding, therefore, will not be disturbed on appeal. (See *In re Stafford*, 193 Kan. 120, 125, 392 P.2d 140 [1964], citing *In re Estate of Winters*, 192 Kan. 518, 389 P.2d 818 [1964].)

Affirmed.